UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                         Plaintiff,                        Case Number 15-20743

v.                                              Honorable David M. Lawson

DUANE LETROY BERRY,

                         Defendant.

_____/

**ORDER DENYING MOTION FOR RECUSAL**

On May 31, 2016, defendant Duane LeTroy Berry filed a paper entitled "Notice to Recuse Judge" in this criminal case. Matters such as recusal requests must be brought to the Court's attention by motion. *See* Fed. R. Crim. P. 47(a). Although Berry is represented by counsel, he has filed his "Notice" on his own behalf. The Court will view the filing with "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and construe Berry's "Notice" as a motion to recuse the undersigned.

Berry was charged in a single-count indictment returned on November 19, 2015 with false information and hoaxes in violation of 18 U.S.C. § 1038(a). On December 22, 2015, at a pretrial conference held in open court, Berry expressed a desire to represent himself and to proceed without the benefit of counsel. He was represented by an attorney appointed under the Criminal Justice Act at the time, but Berry regarded his lawyer as nothing more than standby counsel. The government made an oral motion for Berry to be examined to determine his competency to stand trial and to represent himself. After inquiry by the Court on the record, the Court determined that there was reasonable cause to believe that Berry may be suffering from a mental disease or defect that may render him incompetent to stand trial within the meaning of 18 U.S.C. § 4241(a) and (d). As a

result, the Court directed that a competency examination take place and adjourned the trial. Berry was referred for an examination by a government psychologist. On April 28, 2016, the report on Berry's competency was completed, and the competency hearing was set for June 27, 2016. That hearing was adjourned when Berry's attorney moved for an examination by a mental health professional of the defendant's choice. That motion was granted, and another psychological examination was authorized.

In his "Notice to Recuse Judge," Berry alleges that in January of 2016, he filed two judicial misconduct complaints in the Sixth Circuit against the undersigned for "committing FRAUD upon the court." He also states that he filed "the complaint with superior departments and agencies in Washington, D.C.," which Berry alleges instigated a criminal investigation. Berry contends that the United States Court for Appeals for the Sixth Circuit confirmed his complaints and instructed him to serve the Court, which he maintains he has done. He says that he has sought civil redress in a pending federal lawsuit and took a financial interest by foreclosing on the undersigned's real and personal property. Therefore, he argues, the Court is prohibited from adjudicating any matter related to the defendant because of bias, prejudice, and the financial interest in the outcome of this case under 28 U.S.C. §§ 144 and 455.

The provisions of section 144 invoked by Berry have been duplicated in section 455(b)(1) and need not be addressed separately. *Liteky v. United States*, 510 U.S. 540, 548 (1994); *Bell v. Johnson*, 404 F.3d 997, 1004 n.7 (6th Cir. 2005). Title 28 U.S.C. § 455(a) states that any judge "of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *See also* Code of Conduct for United States Judges, Canon 3(C)(1). A judge must disqualify himself where, among other reasons, "he has a personal bias or prejudice

-2-

concerning a party," or where he "knows that he, individually or as a fiduciary . . . has a financial interest . . . in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."  28 U.S.C. § 455(b)(1) and (5).  The Court must ask whether "a 'reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'"  *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993), *as amended* (Aug. 11, 1993) (quoting *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990) (some internal marks omitted).  This standard is "*objective*" and is "'not based on the subjective view of a party.'"  *Ibid*.  And the source of the alleged bias must be "extrajudicial," that is, not arising from the judge's experience on the case.  *Liteky*, 510 U.S. at 555 (declaring that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible").

The Court's knowledge of Berry is based entirely on public information.  The Court is not familiar with Berry outside of the two cases that have come before the Court — this criminal case and an earlier civil action mentioned below.  The defendant alleges that he filed two judicial misconduct complaints in the Sixth Circuit, filed a complaint with agencies in Washington, D.C., and filed a federal lawsuit.  Other than by the defendant's allegations, the Court is not aware of any complaints that have been filed or investigations that have commenced related to the Court.  Moreover, such actions would be frivolous.  It is not uncommon for a judge to be the subject of complaints, lawsuits, or other actions by disgruntled litigants.  But those matters generally are not allowed to proceed because of the doctrine of judicial immunity.  *See Mireles v. Waco*, 502 U.S. 9, 10 (1991) (explaining that immunity is conferred on judges because "a general principle of the

highest importance to the proper administration of justice [postulates] that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'") (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)).

Although not mentioned by Berry, the records of this Court disclose that this is the second time he has appeared before this Court. In 2012, Berry filed a *Bivens* action against an assistant United States attorney. *See Berry v. Varner*, Case No. 12-141682. The Court summarily dismissed the case, in part because the prosecutor's alleged wrongful conduct was related to the performance of his prosecutorial functions, and he therefore was immune from civil suits under prosecutorial immunity. That case was unremarkable and furnished no extrajudicial source of possible bias.

The defendant further alleges that the Sixth Circuit has issued a writ of prohibition to this Court divesting it of all jurisdiction in this matter. That allegation has no substance, as the records of the Sixth Circuit disclose no such writ having been issued. Berry's allegations that he has attempted to foreclose on the Court's own property likewise are fanciful. Although the Court received correspondences from Berry making foreclose allegations, invalid notices of foreclosure cannot furnish a basis for bias or prejudice by the Court against the defendant.

Berry's filings reflect an increasing air of hostility toward the Court, suggesting another possible motive for his recusal motion. Berry's litigious overtures against the undersigned appear to be designed to delay the proceedings and obtain a different judge. However, "[t]he rule is that a judge is not disqualified from hearing a case merely because a litigant sues or threatens to sue him or her." *Rodman v. Misner*, 852 F.2d 569 (6th Cir. 1988) (table decision) (citing *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977)); *see also In re Taylor*, 417 F.3d 649, 652 (7th Cir.

2005) ( explaining that "even if litigation against a judge is not for the purpose of disqualification, recusal is not automatic because suits against public officials are common and a judge would likely not harbor bias against someone simply because the person named him in a meritless civil suit."). Where "threats [are] made only in an attempt to obtain a different judge, to delay the proceedings, to harass, or for other vexatious or frivolous purpose, recusal [is not] warranted." *United States v. Greenspan*, 26 F.3d 1001, 1006 (10th Cir. 1994) (finding recusal warranted under unique circumstances where credible extrajudicial death threat created by the defendant and others called into question the appearance of the trial judge's impartiality); *see also United States v. Yousef*, 327 F.3d 56, 170 (2d Cir. 2003) (finding recusal not warranted where the credibility of the threats against the trial judge were immediately called into question).

All of the allegations contained in the defendant's "Notice" address events that occurred after the instigation of this case. The Court has not formed a "deep-seated . . . antagonism" toward the defendant, and "fair judgment" in his case is not "impossible." Therefore, recusal is not warranted. *Liteky*, 510 U.S. at 555. The Court finds that the defendant's motion has not raised issues that would warrant recusal for bias, prejudice, or financial interest, and the Court's impartiality cannot reasonably be questioned. The Court will therefore deny the defendant's motion to recuse the undersigned under 28 U.S.C. §§ 144 and 455.

Accordingly, it is **ORDERED** that the defendant's motion for recusal [dkt. #30] is **DENIED**.

s/David M. Lawson              
DAVID M. LAWSON
United States District Judge

Dated:   June 28, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 28, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI