UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DUANE LETROY BERRY,

        Defendant.
_____/

Case Number 15-20743
Honorable David M. Lawson

## OPINION AND ORDER DENYING MOTION TO VACATE CERTIFICATE OF MENTAL DISEASE OR DEFECT AND DANGEROUSNESS

The grand jury charged defendant Duane Berry with perpetrating false information and hoaxes after he planted a fake bomb outside a building that housed a Bank of America branch. Berry professed to be the "primary trustee" of a trust that owned all of the bank's assets, and his primary motive in planting the device was to "repossess the Bank of America in a stealth manner." But Berry's prosecution ended in dismissal after he was found incompetent to stand trial, and the Court determined that his competency could not be restored. Berry was referred for a civil commitment determination and he remains in the custody of the Bureau of Prisons at a facility in North Carolina. Berry now moves to vacate a certificate of mental disease and dangerousness that was issued by the warden of the BOP facility in North Carolina where Berry is confined. This Court must deny that motion, however, because it has no authority to address it; it must be brought in the district where Berry is housed, that is, the Eastern District of North Carolina. And even if this Court had the authority address the motion, Berry has not presented any valid grounds for vacating the certificate. Berry's motion, therefore, will be denied.

I.

The facts of the case are recited in the Court's prior opinion granting the government's motion to dismiss and referring the defendant for a civil commitment determination. *See United States v. Berry*, No. 15-20743, 2019 WL 7875135 (E.D. Mich. Dec. 17, 2019). Here is the short version.

On November 19, 2015, defendant Duane Letroy Berry was charged in an indictment with perpetrating false information and hoaxes in violation of 18 U.S.C. § 1038(a). The charge was based on evidence that on November 6, 2015, Berry left a briefcase made to look like a bomb outside of the Guardian Building in Detroit, Michigan, where a Bank of America office was located. The Court determined that Berry was incompetent to stand trial because he suffered from a delusional disorder. Thereafter, Berry was moved in and out of federal custody to face state charges in proceedings in which his competency also was questioned but was evaluated inconsistently. Thus, after the government filed a motion in the present matter to dismiss the indictment and refer Berry for a civil commitment evaluation, the Court ordered an updated competency evaluation by the Bureau of Prisons under 18 U.S.C. § 4243(b) and held a second competency hearing under 18 U.S.C. §§ 4241(c), 4247(d). The Court found that it was more likely than not that Berry still suffered from a delusional disorder and that he could not assist properly in his defense. The Court ordered that the defendant be committed to the custody of the Attorney General to determine whether there was a substantial probability that in the foreseeable future he would attain the capacity to permit the proceedings to go forward. Berry then was transferred to the Federal Medical Center in Fort Worth, Texas for treatment under 18 U.S.C. § 4241(d).

On December 17, 2019, the Court granted the government's motions to dismiss the case on the basis that Berry was incompetent to stand trial and could not be restored to competency.

After finding that Berry still suffered from an untreated delusional order, the Court determined that "Berry's release, in an untreated state, would create a substantial risk . . . of serious damage to property of another." *Berry*, 2019 WL 7875135, at *3 (quoting *United States v. Berry*, 911 F.3d 354, 365 (6th Cir. 2018)). The Court therefore referred the defendant for a civil commitment determination under 18 U.S.C. § 4146(a) and directed that a civil commitment hearing be held in the district where the BOP facility holding Berry was located. And it ordered the government to serve a copy of its order upon the warden of that BOP facility. *Ibid*.

The government served a copy of the Court's order on Warden Eric Wilson of the Federal Medical Center in Fort Worth, Texas, where Berry was housed on December 17, 2019. Shortly thereafter, the BOP ordered Berry transferred from FMC Fort Worth to FMC Butner in North Carolina to be evaluated for civil commitment. According to the government, FMC Butner was one of two facilities conducting competency evaluations, and BOP was limited in its ability to make prisoner transfers due to the onset of the COVID-19 pandemic. Berry did not arrive at FMC Butner until March 18, 2020. Inmate Travel History, ECF No. 227-1, PageID.4960.

On March 24, 2020, FMC Butner Warden T. Scarantino set a letter to the Court requesting a 30-day extension of the evaluation period for Berry's civil commitment determination. The letter mistakenly indicated that Berry was admitted to FMC Butner's Mental Health Unit on "March 18, 2019," instead of March 18, 2020. Extension Letter, ECF No. 221, PageID.4909. The Court granted the warden's extension request on March 31, 2020 by affixing its electronic signature to the warden's letter. *Ibid.*

On May 21, 2020, the U.S. Attorney's Office for the Eastern District of North Carolina filed a Certificate of Mental Disease or Defect and Dangerousness for Berry in the U.S. District Court in Eastern District of North Carolina. It also forwarded the certificate to the Court, whose

clerk docketed it on June 15, 2020. *See* ECF No. 210. The certificate is signed by Warden T. Scarantino and includes a request for a full hearing to determine whether Berry shall remain committed to the Mental Health Department at FMC Butner. The Honorable W. Earl Britt originally scheduled the hearing for August 24, 2020. *See United States v. Berry*, No. 20-02085 (E.D.N.C. May 26, 2020) (order). However, Judge Britt repeatedly has rescheduled the hearing in response to Berry's multiple motions and interlocutory appeals. *See* No. 20-02085 Docket, ECF No. 227-4, PageID.4970-77. Most recently, Judge Britt scheduled the hearing for April 21, 2023, only to vacate the hearing pending the resolution of yet another interlocutory appeal. *Id.* at PageID.4977.

On April 18, 2023, the defendant filed the instant motion asking the Court to vacate the certificate issued under 18 U.S.C. § 4246(a). The Court directed the government to file a response.

Berry argues that the section 4246 certificate issued by Warden Scarantino is fraudulent. Although his argument is not clearly stated, he appears to contend that the certificate should have been issued by the warden of FMC Fort Worth, because the defendant was in custody of that facility on December 17, 2019 when the Court issued its civil commitment evaluation order, which the government served on the facility's warden. He also argues that the letter from Warden Scarantino requesting a 30-day extension of the evaluation period is fraudulent because it incorrectly states that the defendant entered custody of FMC Butner in 2019, when he actually arrived in 2020. Additionally, he maintains that Warden Scarantino forged the Court's signature on the letter. Berry reasons that because Warden Scarantino has committed fraud on the Court in violation of 18 U.S.C. § 1001, the Court must vacate the Certificate of Mental Disease or Defect and Dangerousness he issued.

The government responds that Berry must seek relief in the Eastern District of North Carolina, where his civil commitment proceedings are pending. It also contends that Berry properly is being held based on findings that his release in an untreated state would create a substantial risk of serious damage to the property of another. Citing 18 U.S.C. § 4246(a), it argues that the defendant's release must be stayed pending completion of his commitment proceeding, including a hearing conducted under section 4248(d) under the sole jurisdiction of the Eastern District of North Carolina. It blames the defendant for that court's delay in holding a commitment hearing, noting that it repeatedly rescheduled the hearing in response to the defendant's own filings, motion practice, and requests for interlocutory appeals.

II.

When the criminal case against an incompetent defendant is dismissed but the defendant has not been restored to competency, consideration of civil commitment is called for. 18 U.S.C. § 4241(d) ("If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248."); 18 U.S.C. § 4246(a) (outlining the procedure for civil commitment of such a defendant). In "structuring the laws providing for the civil commitment of offenders who have a mental disease or defect," Congress "was cognizant of the substantial liberty interest at stake and set forth procedural guidelines to be followed before such individuals could be committed." *United States v. Baker*, 807 F.2d 1315, 1321-22 (6th Cir. 1986). Those procedural guidelines are set out in 18 U.S.C. § 4246.

Subsection (a) of the statute specifies the procedures which are to be followed before a section 4246 commitment hearing is held. *Id.* at 1323. It allocates to the director of the facility where a person is hospitalized the responsibility to certify whether the person is suffering from a

mental disease or defect, whether his release would pose a substantial risk of bodily injury to another or serious damage to property of another, and whether suitable state arrangements for his care are not available. 18 U.S.C. § 4246(a). If all three findings are made, the statute requires the facility director to "transmit the certificate to the clerk of the court for the district *in which the person is confined*." 18 U.S.C. § 4246 (emphasis added). "Upon receipt of the certificate, the district court must schedule and hold a hearing which complies with due process requirements to determine whether the individual is suffering from a mental disease or defect and whether his release would pose a threat of bodily injury or property damage." *Baker*, 807 F.2d at 1323 (internal quotation omitted). "Instituting commitment proceedings stays the person's release pending a hearing and decision, and if the court finds by clear and convincing evidence that the person continues to pose a danger, the statute provides for continued confinement or conditional release (including with a requirement to continue taking medication)." *United States v. Hunter*, 842 F. App'x 999, 1005 (6th Cir. 2021) (citing *United States v. Moses*, 106 F.3d 1273, 1276, 1280 (6th Cir. 1997)); *see also* 18 U.S.C. § 4246(a) ("A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.").

According to the applicable statutes, then, this Court lacks the authority to order Berry's release from custody or to vacate the Certificate of Mental Disease or Defect and Dangerousness filed in the Eastern District of North Carolina. Although the Court previously ordered that Berry be evaluated for civil commitment, Berry now is confined in the Eastern District of North Carolina, outside the Court's territorial jurisdiction. The Sixth Circuit has made clear that when the defendant is confined outside the district where the case originated, the original court lacks the jurisdiction to vacate the Certificate of Mental Disease or Defect and Dangerousness filed in that court where the defendant presently is located. *Baker*, 807 F.2d at 1325 ("Since section 4246(a)

provides that such a certificate stays the release of [the defendant] pending further procedures, and inasmuch as he is confined outside our jurisdiction, we find that we are without authority to order his release."); *Moses*, 106 F.3d at 1280 ("[T]he responsibility for filing a certificate under § 4246(a) lies with the director of the facility in which the convicted person is hospitalized, and that it is not within the statutory authority either of the Government or of the district court to initiate § 4246 proceedings."); *United States v. Foy*, 803 F.3d 128, 129, 133-35 (3d Cir. 2015) (denying for lack of jurisdiction defendant's motion to vacate civil commitment order issued by another court). This Court therefore lacks the jurisdiction to order Berry's release, which was stayed pending completion of the civil commitment procedures when the government filed the section 4246 certificate on May 21, 2020. *Baker*, 807 F.2d at 1325; *Moses*, 106 F.3d at 1280.

The defendant attempts to attack the validity of the procedures that led to his being transferred to FMC Butner for evaluation. However, he has not identified any cognizable error committed by the government, Warden Scarantino, or the Court. He does not explain why the government erred by serving the Court's civil commitment determination order on the warden of FMC Fort Worth. And it is undisputed that the BOP subsequently transferred Berry to FMC Butner, and that he arrived there on March 18, 2020. The scrivener's error in Warden Scarantino's letter to the Court, which stated that Berry arrived at the facility in 2019, has no bearing on Berry's civil commitment proceeding, and there is no evidence that Warden Scarantino forged the Court's signature on the letter. Moreover, any allegations that the procedures outlined in section 4246 are not being followed must be lodged in the Eastern District for North Carolina, which retains exclusive jurisdiction over the defendant's civil commitment proceeding. 18 U.S.C. § 4246(a).

III.

Berry's release from custody is stayed under section 4246(a), and he is confined outside of the jurisdiction of the Court.

Accordingly, it is **ORDERED** that the defendant's motion to vacate the Certificate of Mental Disease or Defect and Dangerousness issued by the warden at FMC Butner (ECF No. 221) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: June 30, 2023